UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LARRY L. MORRIS, JR,

      Petitioner,

v.                                                        Case No. 4:20cv49-MW-HTC

LEON COUNTY SHERIFF WALTER MCNEIL,
STATE OF FLORIDA

      Respondents.
_____/

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Larry Morris's motion to supplement and proposed second amended petition. ECF Doc. 13. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon review, the undersigned finds this action should be DISMISSED without requiring the State to respond. Petitioner has failed to exhaust his state remedies and, even if he had exhausted his state remedies, this Court should refrain from interfering with a pending state criminal trial matter under the *Younger* abstention doctrine.

# I.    PROCEDURAL AND FACTUAL BACKGROUND

Morris, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Leon County Detention Facility.  He is facing a criminal trial for aggravated battery with a deadly weapon in violation of Fla. Stat. 784.045, based on an information filed on January 13, 2020, in Leon County before the Second Judicial Circuit Court. *See State v. Morris,* 2019 CF 4288.[1]  Petitioner seeks this Court's review of the trial court's probable cause determination after an adversary preliminary hearing, claiming prosecutorial misconduct during that hearing.

## A.    The Amended Petition And Motion To Supplement

Morris initiated this proceeding by delivering a § 2254 petition to prison officials on January 26, 2020.[2]  ECF Doc. 1 at 4.  On February 4, 2020, the Court screened the initial petition, found it deficient, and directed Morris to file an amended petition on the proper form.  ECF Doc. 3.  Morris filed an amended petition, which was docketed on April 6, 2020.  ECF Doc. 9.  The amended petition contained a single ground for relief:  that the prosecutor violated *Giglio v. United States*, 405 U.S. 150 (1972), by failing to correct or allowing false testimony from the victim at

---

[1] The docket of the state case that Morris challenges can be accessed at the following address: https://cvweb.clerk.leon.fl.us/public/online_services/search_courts/

[2] *See* Habeas Rule 3(d) and *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (under the "prison mailbox rule," a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing).

the adversarial preliminary hearing and subsequent motion to dismiss hearing. ECF Doc. 9 at 9, 11-12.

Subsequently, Morris filed a "Motion to Supplement Amended Habeas Corpus Petition." ECF Doc. 13. The motion included additional facts supporting the same single ground for relief. Specifically, Petitioner argues the victim claimed he was attacked for no reason and chased but that this statement is contrary to the statement the victim gave to first responders which "revealed that the victim 'approached' and 'initiated' a confrontation with Petitioner." ECF Doc. 13 at 2. According to Petitioner, he tried to introduce the victim's statement as an "excited utterance," but because of his *pro se* status, was unable to cite to this rule in response to the prosecutor's objection. ECF Doc. 13 at 3. Petitioner claims that the prosecutor knew the victim's testimony was false and that the prosecutor's actions denied him fair hearings, due process, and equal protection.

Additionally, Petitioner attached what appears to be a second amended petition to the motion. ECF Doc. 13-1. The proposed second amended petition contains the same single ground of relief, although worded slightly differently. Indeed, the only substantive difference between the two petitions appears to be that in the second amended petition Petitioner focuses solely on alleged prosecutorial misconduct at the adversarial preliminary hearing. Thus, as initial matter, and because Petitioner is proceeding *pro se,* the undersigned will GRANT Petitioner's

motion to supplement and will accept the proposed second amended petition as the operative pleading.

## B.    State Court Proceedings

As stated above, Petitioner is a pretrial detainee who is awaiting trial on assault charges.  After a *Faretta* hearing, Morris was allowed to defend himself in the state court criminal action.  On February 3, 2020, Morris filed a *pro se* motion for an adversary preliminary hearing.[3]  On March 2, 2020, the state court held an adversary preliminary hearing and found probable cause.

Also, in February and March, Morris filed several Rule 3.190(b) motions to dismiss based on Florida's Stand-Your-Ground Law.  On March 13, 2020, the state court held a hearing on the motions to dismiss and denied them, finding that Morris was "not entitled to immunity from prosecution due to stand your ground."  Court minutes, Doc. 114, 2019 CF 4288.  On March 26, 2020, Morris appealed the trial court's decision to the First District Court of Appeal ("1st DCA") via a Petition for Prohibition.  *See Morris v. State of Florida*, 1D20-1032.

The Petitioner states in his second amended petition that his appeal to the 1st DCA includes "trial court errors, Giglio violations."    ECF Doc. 13-1 at 4.

---

[3] Under Florida Rule of Criminal Procedure, 3.133(b), a defendant may request an adversarial preliminary hearing if he has not been formally charged with a crime twenty-one (21) days after his arrest.  Petitioner was arrested on December 17, 2019, and an information was not filed until January 13, 2020.

Subsequently, Petitioner filed a petition for certiorari review in the same appeal.[4]

The 1st DCA treated the petition for certiorari review as an attempt to file a motion

to amend the petition for writ of prohibition and has directed Petitioner to file a

motion to amend. The 1st DCA action remains pending.

The Petitioner also filed a writ of habeas corpus with the Florida Supreme

Court on or about February 18, 2020. *See Mathis v. McNeil*, SC20-248. In that

petition, the Petitioner raised three grounds: (1) the trial court was ignoring his

motions, including for a *Faretta* hearing, Nelson hearing, letter wishing to fire his

attorney, and a request for preliminary hearing; (2) police misconduct, and (3)

ineffective assistance by his public defender. The Florida Supreme Court transferred

the petition to the trial court for consideration as a request to discharge counsel.

Although Petitioner continued to file several additional petitions (or amendments)

in the same proceeding, asserting various grounds for relief, including the alleged

*Giglio* violation, the Florida Supreme Court transferred all filings to the lower court,

without adjudication, stating that the case (SC20-248) was "final" and any future

pleadings in it should be filed in the circuit court. Docket # 120 in 2019-CF-4288.

Subsequently, on April 14, 2020, Petitioner filed a voluntary dismissal with the

---

[4] In Petitioner's first amended petition, he states that he has filed two appeals in this matter to the 1st DCA, via a writ of prohibition filed on March 26, and a petition of writ for certiorari review on April 2, 2020. A review of the docket for the case number identified, 1D20-1032, shows, however, that Petitioner has filed only one appeal with the 1st DCA. The petition for certiorari was filed in that case as well. That said, it does appear that Petitioner also filed a petition for habeas corpus on January 28, 2020 with the 1st DCA, which has been dismissed for failure to comply with a court order. *Morris v. McNeil,* 1D20-327.

Florida Supreme Court.  The Leon County Circuit Court has not adjudicated Morris's most recent habeas petition.

## II.    STANDARD FOR DISMISSAL UNDER RULE 4

Rule 4 of the Rules Governing § 2254 Cases requires district courts to dismiss § 2254 petitions without ordering the State to respond "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649 (11th Cir. 2020).  This preliminary review calls on a district court to screen the petition prior to service and dismiss the petition*, sua sponte*, upon a determination that it contains no meritorious claim for relief.  *See* Rules Governing § 2254 Cases, Rule 4 advisory committee notes ("it is the duty of the court to screen out frivolous applications").  This procedure serves to "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  *Id.*

To survive a Rule 4 review, a § 2254 petition must set forth facts that, if true, would establish a constitutional violation entitling the petitioner to relief.  *Paez*, 947 F.3d at 649 (citing *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (holding that a § 2254 petition must comply with the "fact pleading requirements of [Habeas] Rule 2(c) and (d)" to survive dismissal under Rule 4)).  A dismissal may be appropriate both on the merits and on a finding that the petition is procedurally barred.  *Paez*, 947 F.3d at 649; *Rohda v. Gordy*, No. CA 14-0169-WS-C, 2014 WL 2616627, at *1

(S.D. Ala. June 12, 2014) ("federal courts are authorized to raise the exhaustion issue *sua sponte*") (citing *McNair v. Campbell*, 416 F.3d 1291, 1304 (11th Cir. 2005)).

## III.    ANALYSIS

### A.    Failure To Exhaust

Before a petitioner may seek federal habeas relief, he must exhaust his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *see also, Isaac v. Augusta SMP Warden,* 470 F. App'x 816, 818 (2012) ("Before bringing a habeas action in federal court, however, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion."); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (explaining that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies"). If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion. *See Isaac,* 470 F. App'x at 818, *citing Rose v. Lundy,* 455 U.S. 509, 519–20 (1982). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c).

In Petitioner's second amended petition and supplement, Morris admits that his criminal case is still pending and that his appeal in the state system has not yet been adjudicated. He admits that no judgment has been issued in the criminal case

and explains in his proposed second amended petition that the Coronavirus has suspended court proceedings in the state case. ECF Doc. 13 at 12. Thus, it is clear from the face of the second amended petition that Petitioner has not exhausted his state court remedies.

Even if this point was not clear from the face of the second amended petition, it is clear from the dockets and filings from the state court proceedings. In determining whether to dismiss a habeas petition under Rule 4, a court may properly take judicial notice of the state court dockets. *Paez*, 947 F.3d at 649. State court records comply with the requirements of Federal Rule of Evidence 201, which permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Paez*, 947 F.3d at 649 (citing *Cunningham v. Dist. Att'y's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010)).

As stated above, the Petitioner contends that the same ground for relief raised here is the subject of his petition for writ before the 1st DCA. That action remains pending. Similarly, the same round for relief raised here is pending before the trial court. Additionally, once those petitions are adjudicated, Petitioner can seek review from the Florida Supreme Court. Petitioner, thus, has available state court remedies which have not been exhausted. Accordingly, the undersigned recommends this

second amended petition be dismissed for failure to exhaust. *See Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007).

### B.    The *Younger* Abstention Doctrine

Even if Petitioner had exhausted his state remedies, this Court should nonetheless decline jurisdiction under the *Younger* abstention doctrine because Petitioner is awaiting trial. *See Younger v. Harris*, 401 U.S. 37 (1971). When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the "*Younger* abstention hurdles" before the federal courts can grant such relief. *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004), citing *Kolski v. Watkins,* 544 F.2d 762, 766 (5th Cir. 1977).

Under the *Younger* doctrine, a federal court should abstain from exercising jurisdiction over a matter that is pending in state court. As the Supreme Court recognized in *Younger*, "[s]ince the beginning of this country's history Congress has, subject to a few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *See Younger*, 401 U.S. at 43. Federal courts should only stray from this rule "when absolutely necessary for protection of constitutional rights," and only "under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *See id.* at 45. The type of irreparable injury "significant enough to permit federal court interference must pose a 'threat to the plaintiff's federally protected rights . . . that cannot be eliminated by

his defense against a single criminal prosecution.'" *Winn v.* Cook, 945 F.3d 1253, 1259 (10th Cir. 2019), citing *Younger*, 401 U.S. at 46.

Although Petitioner states that: (1) the alleged prosecutorial misconduct at the probable cause hearing resulted in due process violations, (2) the denial of stand your ground immunity was a miscarriage of justice, and (3) he is actually innocent, the use of those terms alone does not show that he will suffer an irreparable injury. "In other words, an error by the state court does not create an irreparable injury simply because the defendant must proceed through the tainted trial before obtaining relief—relief that may well entail a second trial." *See Winn*, 945 F.3d at 1259; *Olsson v. O'Malley*, 352 F. App'x 92 (7th Cir. 2009) (finding lack of irreparable injury under *Younger* where plaintiff in § 1983 action "has a state remedy available to him for litigating these issues, in the form of a direct appeal or his pending state habeas case"). "The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.[]" *Younger,* 401 U.S. at 45, *citing Ex parte Young*, 209 U.S. 123, 243-44 (1908).

As the Eleventh Circuit has explained, "[f]ederal courts [should] abstain from hearing cases that would interfere with state proceedings where those proceedings are ongoing, they implicate important state interests, and there is an adequate opportunity to raise constitutional challenges in those proceedings." *Daniels v. Geraldi*, 578 F. App'x 811 (11th Cir. 2014) (citing *Younger*, 401 U.S. 37). "An

adequate opportunity to raise constitutional challenges exists so long as state procedural law does not bar the party from raising the constitutional claim." *Id.* "[I]nterference in pending proceedings is inappropriate unless state law clearly bars the interposition of . . . [federal] constitutional claims." *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (internal quotation marks omitted) (citing *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

"The burden of showing inadequacy of state procedure for this purpose rests with the federal 'plaintiff'—here, [Morris]." *See Id.*, *citing Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, (1987). Morris has not met that burden. He has not asserted that there is a procedural bar to raising his claim in his state court case. To the contrary, the prosecutorial error claimed by Petitioner is an issue he can raise (and has raised) on direct appeal. It is also one that he can raise at the conclusion of the trial. There is no state bar to the state court's consideration of his prosecutorial misconduct claim. Additionally, if this Court adjudicates Petitioner's claim, it would interfere with an active state court proceeding. *See*, *e.g.*, *Newsome v. Broward Cty. Pub. Defenders*, 304 F. App'x 814 (11th Cir. 2008).

Although the *Younger* doctrine might not prevent a federal court from addressing an issue that could become moot, such as a claim that a state court proceeding violates a defendant's right to a speedy trial or placed him at risk for double jeopardy, such claims are not at issue here. *See Sweeney v. Bartow,* 612 F.3d

571, 573 (7th Cir. 2010). Accordingly, the Court should abstain from exercising

jurisdiction over Petitioner's claims. *See id.* (applying *Younger* abstention doctrine

to habeas petition and stating that, "[i]f all a defendant in a state proceeding had to

do in order to obtain federal court review of his federal claims before the proceeding

was over was to move to dismiss and exhaust the remedies for the state to provide a

challenge to the denial of such a motion, *Younger* would be a dead letter"); *Winn*,

945 F.3d at 1257 (applying *Younger* doctrine to petitioner's claim under § 2241 that

his jury trial waiver was invalid).[5]

## IV.    CONCLUSION

### A.    *Sua Sponte* Dismissal Is Appropriate Since The Report And Recommendation Provides Notice And An Opportunity To Be Heard

A court does not err by *sua sponte* dismissing a § 2254 petition as long as it

gives the petitioner notice of its decision and an opportunity to be heard in

opposition. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (holding

that the district court did not err by *sua sponte* dismissing a § 2254 petition where

---

[5] *Cf. Gerstein v. Pugh*, 420 U.S. 103, 108 n. 9 (1975) (*Younger* doctrine did not prevent federal court from determining whether addressing suit by class of prisoners challenging Florida procedures which allow a person arrested on an information to be jailed without a probable cause determination because relief sought was not directed at the state prosecutions but the legality of pretrial detention without a judicial hearing, an issue which could not be raised in defense of the prosecution and a determination that preliminary hearings are required could not prejudice the conduct of the trial on the merits); *Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019) (relying on *Gerstein* and holding *Younger* did not apply to habeas petition asserting violation of Fourteenth Amendment due process rights by detaining Petitioner for 13 years while he awaits trial for recommitment under California's Sexually Violent Predator Act, based on a probable cause determination made in 2006).

the court provided the petitioner with "adequate notice and an opportunity to respond") (internal quotation marks omitted).

This Report and Recommendation provides Morris an opportunity to file objections and, thus, affords Morris both notice and a reasonable opportunity to respond. *Paez*, 947 F.3d at 649 (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (holding that plaintiff "was afforded both notice and a reasonable opportunity to oppose" procedural default when he was given an opportunity to object to the magistrate judge's Report and Recommendation that "placed [him] on notice that procedural default was a potentially dispositive issue").

## B.    Evidentiary Hearing

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, because the face of Morris's petition and the state court dockets reveal that his second amended petition is procedurally barred, an evidentiary hearing is not warranted.

## C.    Certificate Of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is

issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1.      The motion to supplement (ECF Doc. 13) is GRANTED.

2.      The clerk shall separately docket the petition attached to the supplement (ECF Doc. 13-1) as a Second Amended Petition.

Additionally, it is respectfully RECOMMENDED, that:

1.      This case be DISMISSED WITHOUT PREJUDICE for lack of exhaustion and because of the Court's duty to abstain under the *Younger* abstention doctrine.

2.      A certificate of Appealability be DENIED.

3.      The clerk be directed to close the file.

At Pensacola, Florida, this 28th day of April, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.